UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,               Civil Action No.: 18-14058
                                Honorable Matthew F. Leitman
         Plaintiff,             Magistrate Judge Elizabeth A. Stafford

v.

HENRY FORD HEALTH
SYSTEM, *et al.*,

         Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO DISMISS FOR LACK OF PROSECUTION [ECF NO. 44]**

**I.   Introduction**

Plaintiff Latausha Simmons, proceeding *pro se*, filed her initial complaint in December 2018, and an amended complaint in July 2019, against Henry Ford Health System, *et al.*, under 42 U.S.C. § 1983, alleging that her constitutional rights were violated. [ECF No. 1; ECF No. 21].[1] The Honorable Matthew F. Leitman referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b). [ECF No. 9]. Before the

---

[1] Defendants are Henry Ford Health System, Tabitha Green, Desiree Wolfe, Jeffery Yost, Rodney Dixon, Daniel Weise, Kevin Taylor, Ahmed Mawri, Damiso Mitchell, Kamal Sayej, security officer Jane Doe and Jennifer Peltzer-Jones.

Court is defendants' motion to dismiss under Federal Rule of Civil Procedure 41(b) and Local Rule 41.2. [ECF No. 44]. Simmons did not respond. The Court **RECOMMENDS** that defendants' motion be **GRANTED** and Simmons's complaint be **DISMISSED WITH PREJUDICE**.

## II. Background

At a May 2019 scheduling conference, the Court ordered the parties to submit preliminary witness lists and ordered Simmons to make her expert disclosure by September 16, 2019. [ECF No. 15]. The Court later ordered Simmons to respond to defendants' motion to compel her to sign authorizations for the release of her medical records by September 20, 2019. [ECF No. 29; ECF No. 30]. After that order, Simmons wrote a letter requesting any temporary relief the Court could provide, including a stay or court appointed counsel, because she was incarcerated at Wayne County Jail. [ECF No. 32]. In response, the Court granted Simmons an extension until November 18, 2018 to respond to defendants' motion to compel medical authorizations and extended discovery deadlines. [ECF No. 34].

In November 2019, defendants moved for Simmons to show cause why she should not be sanctioned with a dismissal, default judgment or costs. [ECF No. 35]. The Court granted defendants' motion and ordered Simmons to show cause by December 2, 2019, reasoning that Simmons

had failed to take steps to prosecute her case. [ECF No. 37]. In response to the Court's order to show cause, Simmons moved for another extension of time to respond. [ECF No. 38]. The Court granted Simmons one last extension of scheduling order dates: medical authorizations were to be mailed to defendants by January 24, 2020; her preliminary witness list was due by January 21, 2020; her expert disclosures were due by February 7, 2020; the discovery cutoff was February 28, 2020; and the dispositive motion deadline was March 27, 2020. [ECF No. 39]. Simmons violated that order. She did not mail the medical authorizations until February 3, 2020, and she did not file he witness list until February 24, 2020, a mere four days before the discovery deadline. [ECF No. 45; ECF No. 49]

In the order granting Simmons one last extension, the Court noted that her waste of judicial resources is not limited to this case. [ECF No. 39, PageID.313].[2] In fact, Simmons has filed claims that have been dismissed for lack of merit and for failure to serve defendants; has attempted to improperly remove a state criminal case; has filed a motion to stay proceedings the same day she filed a complaint; has filed numerous motions for extensions of time; and multiple judges have issued orders to

---

[2] In addition to this case, Simmons has filed six other cases in this Court: Case Nos. 18-13812, 18-13813, 19-11531, 19-11595, 19-12091 and 19-11726.

3

show cause.  [*See Id.*, PageID.313-315].  The Court concluded from this history:

> Since that September 2019 order, a pattern has emerged. Simmons has filed claims that have been dismissed for lack of merit or because she failed to serve defendants.  She improperly attempted to remove a state criminal case to this Court.  Multiple judges have issued orders for Simmons to show cause and have had to address her repeated requests to stay or delay her obligations.  Simmons has caused needless expense to other parties and has unnecessarily burdened the Court.  **The Court warns Simmons that she is at risk of having a prefiling injunction imposed on her**.  *See Day v. OnStar, LLC*, No. CV 19-10922, 2019 WL 3322437, at *5 (E.D. Mich. July 3, 2019), adopted, 2019 WL 3315278 (E.D. Mich. July 24, 2019).  Simmons is also warned that, although she is acting *pro se*, she must comply with federal and local rules of procedure.  *Matthews v. Copeland*, 286 F. Supp. 3d 912, 916 (M.D. Tenn. 2017).  And courts will dismiss complaints filed by *pro se* plaintiffs who fail to prosecute their cases.  *See, e.g., Carthon v. Cent. State Univ.*, 290 F.R.D. 83, 87 (S.D. Ohio 2013).

[ECF No. 39, PageID.314-315 (emphasis in original)].

Defendants moved for the Court to vacate its order giving Simmons another extension.  [ECF No. 40].  The Court denied the motion to vacate on January 14, 2020, but noted, "**Simmons is now on notice that her future failure to cooperate with discovery or comply with this Court's orders may result in sanctions, up to and including dismissal of her complaint**."  [ECF No. 41, PageID.400 (emphasis in original)].

4

On February 3, 2020, Defendants moved to dismiss this action under Federal Rule of Civil Procedure 41(b) and E.D. Mich. Local Rule 41.2 for failure to prosecute. They argue that Simmons has willfully failed to cooperate in discovery, "has done nothing of substance to further the matter" and "continues to disregard the Court's orders." [ECF No. 44, PageID.415-418].

The certificate of service for the motion to dismiss says that it was mailed to Simmons at three addresses, including 20500 Dean, Detroit, Michigan, 48234. [*Id.,* PageID.420]. Simmons identified the Dean address on her complaint and amended complaint. [ECF No. 1; ECF No. 21]. Shortly after she filed her initial complaint, the Court notified her that she was obligated to notify the Court of any changes of address. [ECF No. 6]. In her September 2019 letter, Simmons said that she was in Wayne County Jail. [ECF No. 32]. But in her motion for an extension filed in December 2019, Simmons continued to identify the Dean address as her residence. [ECF No. 38, PageID.305-306]. For reasons unclear to this Court, on February 10, 2020, Simmons filed a notice of change of address listing the "new/current address" as the same Dean address. [ECF No. 47].

Simmons has filed no response to defendants' motion to dismiss despite the certificate of service indicating that she was served at the only

5

address that she has provided to the Court. She filed no response though it was due 21 days after defendant's February 3, 2020 motion. E.D. Mich. LR 7.1(e)(1).

### III. Analysis

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Rule 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-632, (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing . . . the case unless good cause is shown." Rule 41.2. Dismissal for want of prosecution is ordinarily with prejudice. Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when determining whether a case should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363. Although Simmons is proceeding *pro se*, and is thus held to a less stringent standard, the leniency granted is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "[P]*ro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, 05–10116–BC, 2007 WL 1582236 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Granting defendants' motion to dismiss Simmons's complaint is appropriate under the *Knoll* factors. With respect to the first factor, Simmons repeated failure to abide by the Court's orders and meet deadlines despite being granted more time to do so demonstrates willfulness or, at the very least, fault on Simmons's part. She has complied

7

with none of the Court's scheduling deadlines and filed no response to defendants' motion to dismiss.

As to the second factor—the prejudice to defendants—they state in their motion to dismiss that Simmons's inaction has severely "hindered defendants' ability to defend the allegations" and prejudiced the named individual defendants from a "timely resolution." [ECF No. 44, PageID.416-417]. The Court agrees and notes that defendants have tried to move this case forward. They opposed her request to stay proceedings indefinitely [ECF No. 33], moved to compel medical authorizations [ECF No. 29], and moved for Simmons to show cause. [ECF No. 35]. Despite their efforts and despite the Court granting extensions of discovery, defendants were not been able to engage in meaningful discovery, and Simmons is at fault. Thus, the first two factors weigh in favor of dismissal; a "defendant [ ] cannot be expected to defend an action, that plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Miles v. Sheffeld*, No. 09-10220, 2009 WL 3497794, at *2 (E.D. Mich. Oct. 28, 2009) (internal quotation marks and citation omitted).

The third and fourth factors also weigh heavily in favor of dismissal. The Court warned Simmons twice in January 2020 that her case could be

dismissed if she continued to fail to comply with Court rules and orders. [ECF No. 39; ECF No. 41]. Despite those warnings, Simmons has still failed to comply with Court orders and rules, and she filed no response to defendants' motion to dismiss. Thus, the Court agrees with the defendants that it "has exhausted any and all alternatives to compel [Simmons] to adequately pursue this matter." [ECF No. 44, PageID.417]. Under these circumstances, "dismissal is the only appropriate remedy" because Simmons "has effectively abandoned the case." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013).

## IV. Conclusion

The Court and defendants have tried but failed to compel Simmons to prosecute her claims. The Court thus now **RECOMMENDS** that defendants' motion to dismiss for lack of prosecution [ECF No. 44] be **GRANTED** and Simmons's complaint be **DISMISSED WITH PREJUDICE**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: March 30, 2020

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2020.

                                       s/Marlena Williams
                                       MARLENA WILLIAMS
                                       Case Manager