UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Plaintiff,

v.

Case No. 18-cv-14058
Hon. Matthew F. Leitman

HENRY FORD HEALTH SYSTEM, *et al.*,

    Defendant.

_____/

**ORDER (1) DISMISSING ACTION FOR REPEATED VIOLATIONS OF COURT ORDERS AND REPEATED FAILURES TO COMPLY WITH GOVERNING RULES AND (2) CERTIFYING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

This case is one of ten pro se civil actions that Plaintiff Latausha Simmons has filed in this Court since 2018. In the course of pursuing her many claims, Simmons has frequently violated court orders and the governing rules of procedure. And members of this Court have repeatedly recognized Simmons' misconduct. For instance (and as described in more detail below), District Judge Stephen J. Murphy found in one case that Simmons "did not act in good faith," and in another that most of Simmons' claims were "frivolous." District Judge Victoria Roberts found that Simmons has a "history of vexatious litigation," and Judge Roberts enjoined Simmons from filing a certain type of civil action without first obtaining permission to do so. And District Judge Judith E. Levy similarly recognized Simmons' history

1

of vexatious litigation in this Court, ultimately dismissing one of Simmons' actions for failure to comply with rules and orders.

Simmons has continued her pattern of litigation misconduct in this action. She has failed to comply with orders entered by the Magistrate Judge and with the governing rules. Most recently, she disobeyed an order from the Court requiring her to personally appear at a status conference. For all of the reasons explained below, Simmons' repeated disobedience of rules and orders compels dismissal of this action.

# I

## A

Simmons filed this pro se action on December 27, 2018 against Defendants Henry Ford Health System ("HFHS"), Henry Ford Hospital, and several unidentified individuals employed by HFHS. (*See* Compl., ECF No. 1.) She brings claims against the Defendants alleging violations of the Fourteenth Amendment, the Michigan Constitution, and state common law. (*See id.*) She submitted an application to proceed in forma pauperis, and the Court granted that application on January 3, 2019. (*See* Order, ECF No. 4.)

Simmons' allegations arise out of her visit to Henry Ford Hospital on August 30, 2016. She claims that during her visit, she was ignored, harassed, assaulted, and

wrongly detained. (*See id.*, PageID.95.)  On February 11, 2019, the Court referred the case to Magistrate Judge Elizabeth Stafford for all pretrial proceedings.

**B**

Since Simmons first filed her Complaint, she has repeatedly and consistently failed to comply with governing rules and court orders.  For example,

- Simmons failed to provide her email address and telephone number in a timely manner, as required by E.D. Mich. LR 11.2, and as directed by Magistrate Judge Stafford during a scheduling conference. (*See* 11/20/19 Order, ECF No. 37, PageID.297.)  As a result, defense counsel was unable to communicate with Simmons about discovery matters and other litigation issues. (*See* Mot. for Show Cause Order, ECF No. 35, PageID.283-284.)

- Simmons failed to respond to Defendants' discovery requests, as required by the Federal Rules of Civil Procedure. (*See* 11/20/19 Order, ECF No. 37, PageID.297.)

- Magistrate Judge Stafford ordered Simmons to file a preliminary witness list and make expert disclosures by September 16, 2019, but Simmons failed to do so. (*See id.*)

- Magistrate Judge Stafford ordered Simmons to respond to Defendants' Motion to Compel Medical Authorizations (*see* 9/6/19 Order, ECF No. 30), but Simmons failed to do so. (*See* 11/20/19 Order, ECF No. 37, PageID.297.)

3

- On January 24, 2020, Simmons filed a pleading that was not authorized by any local or federal rule. (*See* Resp. to Order, ECF No. 42). Magistrate Judge Stafford struck the pleading and reminded Simmons that any future filings that were not authorized by a federal or local rule would be stricken. (*See* Order Striking Resp., ECF No. 43.)

- In an order entered on September 9, 2021, Magistrate Judge Stafford issued detailed instructions for Simmons and Defendants' counsel to meet and confer to discuss settlement. (*See* 9/9/21 Order, ECF No. 74, PageID.841.) She instructed Simmons to contact Defendants' counsel to schedule the meet and confer and she instructed both parties to submit to the Court their confidential, ex parte settlement conference statements seven days prior to the conference, which was scheduled for November 4, 2021. (*See id.*, PageID.842.) Simmons failed to follow these instructions. (*See* 11/3/21 Order, ECF No. 77, PageID.904.)

- Simmons has filed multiple pleadings that far exceed the page limits imposed by local rules. (*See* Resp. to Mot. to Dismiss, ECF No. 71; Objections to R&R, ECF No. 88; Reply, ECF No. 92.)

Simmons has also repeatedly failed to comply with deadlines that the Court has imposed, often seeking last-minute delays and/or extensions on the basis of the same vague and unsubstantiated medical concerns. For example:

4

- On November 3, 2021, the day before a settlement conference was to take place, Simmons sent a fax to Magistrate Judge Stafford's chambers reporting that she had health concerns about attending the conference and asking to adjourn the conference. (*See* 11/3/21 Order, ECF No. 77, PageID.904.)

- On March 7, 2022, three days before her Objections to a Report and Recommendation issued by Magistrate Judge Stafford were due, Simmons filed a motion asking for an additional "thirty (30) to forty-five (45) day[s]" to file her Objections. (*See* Mot., ECF No. 83, PageID.1023.)  She asserted that she had not received the R&R until March 2, and that she needed an extension because she was suffering from "[a] fever and chills." (*Id.*, PageID.1022.)  Magistrate Judge Stafford granted an extension of fourteen days. (*See* 3/16/22 Order, ECF No. 84, PageID.1031.)

- On March 30, 2022, Simmons filed her Objections to Magistrate Judge Stafford's Report and Recommendation.  Even though the Court's Local Rules limit such objections to twenty-five pages, *see* Local Rule 72.1(d)(5) (incorporation Local Rule 7.1), Simmons' Objections spanned forty-six pages.

- On November 21, 2022, the Court entered an Order requiring Simmons and counsel for Defendants to appear for an in-person status conference on December 20, 2022. (*See* 11/21/22 Order, ECF No. 96.)  On December 19,

2022, one day before the status conference was to take place, Simmons filed a request to appear telephonically because she had been exposed to someone who had tested positive for COVID-19 and because she was experiencing symptoms herself. (*See* 12/19/22 Request, ECF No. 98.)  The Court entered an order adjourning the conference and rescheduling it for January 31, 2023. (*See* 12/20/22 Order, ECF No. 97.)  The Court explained that Simmons was required to attend the re-scheduled conference in person, and the Court advised Simmons that it would dismiss the action if she failed to do so. (*See id.*, PageID.1202.)

- On January 26, 2023, five days before the re-scheduled status conference was to take place, Simmons filed a Request to Appear Telephonically for Any Future Conferences. (*See* 1/26/23 Request, ECF No. 99.)  Among other things, Simmons asserted that she was suffering from "an ongoing infection" and "dizziness from medication side effects." (*Id.*, PageID.1210.)  Simmons did not provide any evidence that she had been diagnosed with an infection and/or that she was taking any medications.  The Court did not believe Simmons' explanation as to why she could not appear in person because she had repeatedly offered similar health-related excuses in this action and other actions as a way to avoid obligations imposed by the Court and the governing rules.  And the Court believed that it was essential to conduct the conference

6

in person. The Court reached that conclusion because the purpose of the conference was to emphasize to Simmons that she had to comply with the governing rules and orders. The Court recognized that the prior written admonitions to that effect had not caused Simmons to change her behavior. Accordingly, the Court denied Simmons' request to participate in the status conference telephonically and again explained that she was required to attend the scheduled status conference in person. (*See* 1/26/23 Order, ECF No. 100, PageID.1225.) The Court further warned Simmons that her failure to do so would result in dismissal of this action. (*See id.*)

- On January 31, 2023, Simmons failed to appear for the Status Conference set by the Court even though the Court had twice ordered her to personally attend and twice warned her that the case would be dismissed if she failed to attend.

### C

Simmons' pattern of failing to comply with orders and rules in this action mirrors the way she has conducted herself in many of the other actions she has filed in this Court. Indeed, non-compliance has become her modus operandi. In an order entered earlier in this action, Magistrate Judge Stafford described Simmons' repeated failures to obey orders and to follow rules:

> Simmons's waste of judicial resources is not limited to this case. She filed two other complaints in this Court in December 2018, and five in 2019. The Honorable Paul D. Borman entered a *sua sponte* dismissal of one case under 28 U.S.C. § 1915(e)(2)(B)(ii) because her complaint

7

> failed to state a claim. The Honorable Stephen J. Murphy dismissed another case because Simmons failed to serve the defendants; in December 2019, Simmons moved to set aside the dismissal. In another case, she moved for a stay of proceedings on the same day that she filed her complaint. Simmons also attempted to remove a state criminal case to this Court days before her trial was scheduled to begin; the undersigned has recommended summary remand of the criminal case. The Honorable Victoria A. Roberts denied another of Simmons's motions to stay proceedings and ordered her to keep the Court apprised of "her address and other contact information," as required for Rule 11.2. In the same October 2019 order, Judge Roberts granted Simmons more time to respond to a motion to dismiss. In December 2019, Simmons requested, and was granted, yet another extension to respond to the motion to dismiss. Simmons improperly named the chief of police of the city of Detroit as a defendant in another case. Because Simmons has been "extremely litigious," the city moved for prefiling restrictions on Simmons, but the motion was denied without prejudice in September 2019 because there was not yet a pattern showing that Simmons's claims "routinely lacked merit."
>
> Since that September 2019 order, a pattern has emerged. Simmons has filed claims that have been dismissed for lack of merit or because she failed to serve defendants. She improperly attempted to remove a state criminal case to this Court. Multiple judges have issued orders for Simmons to show cause and have had to address her repeated requests to stay or delay her obligations. Simmons has caused needless expense to other parties and has unnecessarily burdened the Court.

(1/8/20 Order, ECF No. 39, PageID.313-315, citations omitted.)

Other Judges of this Court have also identified similar litigation-related misconduct by Simmons. For example, in a 2019 case, District Judge Stephen Murphy found that Simmons "did not act in good faith." *Simmons v. City of Detroit,* Case No. 2:19-cv-11595, 2020 WL 4903785, at *2 (E.D. Mich. Aug. 20, 2020). In 2023, Judge Murphy dismissed another complaint that Simmons filed, finding that

8

it was "frivolous as to most of the claims." *Simmons v. City of Detroit, et al.*, Case No. 2:23-cv-10087, 2023 WL 373610, at *2 (E.D. Mich. Jan. 24, 2023).

In 2020, District Judge Victoria Roberts observed that Simmons had a history of "repetitive or vexatious litigation" and imposed a permanent injunction "requiring Simmons to seek leave of court before filing" any additional civil actions concerning a particular subject matter. *Simmons v. City of Detroit, et al.*, Case No. 20-11650, 2020 WL 3791528, at *2 (E.D. Mich. July 7, 2020).

In 2022, District Judge Judith Levy dismissed another civil action filed by Simmons due to Simmons' failure to follow rules and orders. *See Simmons v. Towing, et al.*, Case No. 19-11726, 2022 WL 375919, at *1 (E.D. Mich. Feb. 7, 2022). Judge Levy explained that "this case has been pending for over two years, during which deadlines have been extended for Plaintiff again and again. Despite the Court's leniency, Plaintiff has repeatedly failed to comply with the Court's deadlines and procedures." *Id.* at *1.

## II

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action if "the Plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). The Court may order dismissal under the rule sua sponte. *See Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). In determining whether dismissal is appropriate, the Court should consider

9

four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate would lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (quoting *Knoll v. Am. Tel. & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). None of these factors is dispositive, and "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

Pleadings filed by pro se litigants "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "[t]he leniency granted to pro se [litigants] ... is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Rather, "lenient treatment has limits, especially when dealing with easily understood instructions." *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 767 (6th Cir. 2019) (internal citation and quotations omitted). A failure to comply with "procedural requirements that a layperson can comprehend as easily as a lawyer," for example, cannot be excused by a litigant's pro se status. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

### III

After considering the four factors listed above, the Court finds that this action should be dismissed under Fed. R. Civ. P. 41(b).

### A

First, Simmons' repeated failures to comply with the Court's orders and deadlines were "due to willfulness, bad faith, or fault." *Knoll*, 176 F.3d at 363. Under Rule 41(b), a litigant's fault may be established by "a pattern of failure to fulfill court orders." *Simmons v. Towing, et al.*, 2022 WL 375919, at *6. As the Court has recounted in detail above, Simmons has repeatedly and consistently ignored orders and deadlines issued by this Court since she first filed her complaint in 2018. At a minimum, this pattern is enough to establish Simmons' "fault."

While Simmons has tried to justify her non-compliance on the basis of medical issues, the Court does not find her justification credible. Simmons has never provided any proof that she has been diagnosed with any illness or that she has been prescribed any medication that would in any way interfere with her ability to prosecute her claims. Nor has she presented a letter or note from a medical professional attesting to her inability to meet deadlines and comply with orders. Moreover, it strains credulity to believe that medical ailments like those identified by Simmons – including "fever and chills" – would render Simmons unable to

comply with so many orders and rules over so many cases.[1] Indeed, Simmons' unbroken pattern of violating rules and orders in this case and so many others persuades the Court that she willfully chooses not to obey orders and follow rules.[2]

**B**

Simmons' failure to obey rules and orders has also prejudiced the Defendants. "The key to finding prejudice in a dismissal for lack of prosecution is whether the defendants wasted time, money, and effort" due to the plaintiff's misconduct. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 739 (6th Cir. 2008) (internal citation and alterations omitted). Simmons' failure to comply with rules and orders has caused Defendants to waste substantial time and money. For instance, Simmons'

---

[1] This case is not the first time Simmons has requested extensions and delays on the basis of unsubstantiated medical concerns. In *Simmons v. City of Detroit, et al.* (Case No. 2:18-cv-13812), for example, Simmons requested an extension because she stated she was suffering from various medical ailments. (*See* Extension Request, ECF No. 30, PageID.302, Case No. 2:18-cv-13812.) Judge Roberts denied the motion, noting that, despite the medical ailments she had listed, Simmons had managed to file a number of motions. (*See* Order, ECF No. 32, PageID.307, Case No. 2:18-cv-13812.)

[2] Simmons also claimed that she missed certain deadlines because she was wrongfully incarcerated. Magistrate Judge Stafford accommodated Simmons' need for additional time caused by her incarceration once, when Magistrate Judge Stafford extended dates to address Simmons' incarceration. (*See* 10/30/19 Order, ECF No. 34.) Simmons resorted to the same excuse in another request for an extension, but Magistrate Judge Stafford noted that "despite her incarceration, in November 2019, Simmons appeared for a show cause hearing in a case before the Honorable R. Steven Whalen and responded to an order to show cause in a different case before this Court…Simmons also found the wherewithal to file the nine-page request for an extension that is now before the Court. Her excuses for failing to prosecute her cases are wearing thin." (*See* 1/8/20 Order, ECF No. 39, PageID.315-316.)

12

failure to respond to discovery requests, to provide medical authorizations, and to provide contact information forced the Defendants to draft and file both a motion to show cause and a motion to dismiss. (*See* Mots., ECF Nos. 35 & 44.) And Defendants wasted time and money preparing a settlement conference statement that was rendered useless when Simmons both failed to comply with Magistrate Judge Stafford's requirements for settlement conferences and then failed to make herself available for the conference. (*See* 11/3/21 Order, ECF No. 77.) Finally, Defendants wasted time and money when their counsel appeared for the status conference on January 31, 2023 – a conference that the Court could not hold due to Simmons' failure to appear in person.

## C

Third, the Court and Magistrate Judge Stafford have repeatedly warned Simmons that her action could be dismissed if she failed to obey the Court's orders and follow the governing rules. (*See, e.g.*, Orders, ECF Nos. 41, 96, 97.) And the Court specifically warned Simmons that if she failed to appear for the January 31, 2023 status conference, this case would be dismissed. (*See* 1/26/23 Order, ECF No. 100.)

## D

Fourth, any "less drastic sanction[]" short of dismissal would be an inadequate response to Simmons' pattern of transgressions. *Knoll*, 176 F.3d at 363. Over the

13

course of this case, the Court has repeatedly forgiven and accommodated Simmons' delays and failures to follow rules and orders, and the Court has refrained from dismissing the action on multiple occasions. For instance, rather than dismissing this case in 2019, the Court issued an order for Simmons to show cause why the case should not be dismissed (*see* Order, ECF No. 37), and the Court has repeatedly granted extensions to Simmons while simultaneously reminding her of her obligation to comply with deadlines, rules, and order. (*See, e.g.*, Orders, ECF Nos. 77, 84, 97.) Yet Simmons continues to violate this Court's orders – as recently as January 31, 2023. The Court has no reason to believe that any sanction short of dismissal would induce Simmons to follow the Court's orders and the governing rules of procedure. Indeed, Simmons' pattern of non-compliance throughout this case and many others convinces the Court that she simply will not obey orders and follow rules. As a last resort, the Court believes that dismissal is appropriate.[3]

---

[3] The Court previously declined to dismiss this action based upon Simmons' violations of orders and failures to comply with the governing rules. (*See* Order, ECF No. 56.) At that time, the Court was convinced that Simmons' had a legitimate justification for her failures. (*See id*.) However, at that time, the Court was not aware of Simmons' pattern of violations of orders and rules in other cases. Moreover, since that time, Simmons has continued to violate orders and rules. In hindsight, the Court now recognizes that it erred when it earlier accepted Simmons' excuses for failing to obey orders and follow rules. It has become clear to the Court that her earlier failures – and her continued failures – were willful and unexcused violations of orders and rules.

## IV

For the reasons explained above, this action is **DISMISSED WITH PREJUDICE.**

Because Simmons is a pro se plaintiff proceeding in forma pauperis, the Court must also decide whether an appeal of this action would be in good faith. *See* 28 U.S.C. § 1915(a)(3). The Court concludes that Simmons may not appeal this order in good faith.

**IT IS SO ORDERED.**

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: February 3, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 3, 2023, by electronic means and/or ordinary mail.

                                                s/Holly A. Ryan
                                                Case Manager
                                                (313) 234-5126